Circuit Court of Appeals, Fifth Circuit.
July 21, 1937.

24 C.C.P.A.(Patents)
**In re FISCHER.**
Patent Appeal No. 3802.

Court of Customs and Patent Appeals.
June 21, 1937.

220

Albert F. Robinson, of Lackland, Ohio, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 1 to 17, inclusive, of appellant's application for lack of invention over the cited prior art. No claims were allowed. Both method and structure claims are involved.

Claims 1 and 5 are illustrative of the involved claims and read as follows:

"1. The method of constructing a paving structure comprising forming a foundation layer, superposing a surfacing layer over the foundation layer, and providing a groove in one of the layers, whereby a crack is caused to develop in the other layer substantially coincident with the groove."

"5. A paving structure comprising a foundation layer, a surfacing layer superposed on the foundation layer, and a groove formed in one of the layers containing waterproofing material to define a joint seam in both layers and seal same."

The references relied upon by the Board of Appeals are:

Wright et al., 1,021,082, March 26, 1912.

Gundlach, 1,484,303, February 19, 1924.

The examiner also rejected the claims upon a patent issued to appellant February 21, 1933, No. 1,898,943, but he was reversed upon this ground of rejection by the Board of Appeals.

The alleged invention is concisely described by the Board of Appeals as follows: "The subject matter of the appealed claims is a paving structure and a method of making same and consists of a foundation layer provided with an expansion joint filled with expansion joint material and an upper finishing layer. The lower layer is stated to be of cement laid in slabs and separated at intervals by a crack in which is placed a plastic bituminous material which is admitted to be old. Over the top of this first layer is placed a continuous finishing layer which may be of some asphaltic material. After the pavement has been laid, it is assumed that a crack will form in the top layer immediately over the expansion joint provided in the bottom layer so that, when expansion takes place, the expansible material in the lower layer will be caused to ooze into the crack formed in the upper layer."

The patent to Wright et al. discloses an expansion joint for use in a pavement, the same to be inserted between the slabs forming the lower layer of the pavement. A top layer over the slabs is provided. The expansion joints to be inserted between the slabs of the lower layer are formed by a casing filled with asphaltum or other suitable semisolid material. The joints are so formed as to permit the spreading of the material, upon expansion of the slabs of the pavement, downward and laterally, with a minimum of spreading upwardly toward the top of the pavement. The patent states: " * * * the main objects of this invention are to provide an improved form and construction for expansion joints of the character described; to provide an improved casing or container for the filling material, of such form that the filling material may be placed in position in advance of the concrete, and thus obviate the necessity of using wooden mold strips; to provide an improved construction whereby the width of the joint at its open side may be reduced to a minimum, whereby there will be in the interior of the joint an expansion space into which the filling material may flow when subjected to pressure by expansion of the adjacent concrete blocks, and whereby the abutting faces of the concrete blocks will be shaped in such manner that the expansion of the blocks will force the filling material to flow toward the expansion space *rather than be*

*squeezed out at the top; * * *"* (Italics ours.)

The patent to Gundlach discloses a pavement consisting of spaced sections of a lower layer of concrete, having interposed between the sections pre-formed expansible strips or slabs of an asphalt mixture, the strips or slabs being reinforced by a core of material of greater rigidity than the asphalt of which the strips or slabs are made. Over the lower layer is placed a monolithic finishing layer.

The examiner rejected all of the claims as involving no invention over the patents to Gundlach or Wright et al., and also rejected the claims as involving no invention over the claimed subject matter of a patent issued to appellant, No. 1,898,943. As hereinbefore noted, the Board of Appeals reversed the action of the examiner as to the rejection on appellant's prior patent, but affirmed the rejection on the patents to Wright et al. and Gundlach.

Appellant contends that the claims in his said patent are generic claims involving the broad invention, and that therefore the more specific claims here involved should have been allowed.

The general rule is that patentability of a claim may not be based upon the allowance of other claims in another application. In re Fischer, 47 F.(2d) 794, 18 C.C.P.A. (Patents) 1076; In re Lawson, 75 F.(2d) 633, 22 C.C.P.A. (Patents) 1016.

Obviously, if the claims here involved do not involve invention over the references, the decision of the Board of Appeals must be affirmed.

We have some doubt as to whether the disclosure in the patent to Wright et al. is sufficient to warrant the rejection of appellant's claims, but we are clear that the claims are unpatentable over the patent to Gundlach. We can find no material distinction in structure or method between the claims here involved and the pavement disclosed by Gundlach. In that patent, as in appellant's application, a pavement is disclosed comprising a lower layer divided into sections having spaces between them, which spaces are filled with an expansible material, and an upper or finishing layer monolithic in character.

Appellant's application has a single drawing which is substantially identical with Figure 5 of the drawings of the Gundlach patent. Appellant's counsel has pointed out no difference in structure between the pavement of Gundlach and that disclosed in appellant's application, nor is any difference in method disclosed that is material here. In his brief it is stated: "Gundlach 1,484,303 is somewhat similar to the disclosure of the Wright et al. patent. It shows in Figure 4 a paving structure composed of rigid elements spaced apart with an expansion joint strip 12 inserted therebetween. Figure 5 shows substantially the same structure as Figure 4, but with a surfacing layer superposed over the foundation layer. There is no disclosure that the surfacing layer is adapted to crack over the expansion joint strip 12. The patentee states that his expansion joint strip provides for the necessary contraction and expansion of the sections *'without danger of cracking.'* (R., p. 31, line 27.) In view of this it can not be assumed that the patentee intends for the surfacing layer in Figure 5 to crack or to crack immediately above the expansion joint strip. Moreover, there is no disclosure that even if a crack does develop in the surfacing layer that the expansion joint material will flow into the developed crack, waterproofing and sealing same."

It will be observed from the foregoing quotation that reliance is placed, not upon difference in structure between the pavement disclosed by Gundlach and that disclosed by appellant, or in the method of producing the same, but rather upon the function or operation of the particular structure. Surely there is no invention in discovering that a pavement will or will not crack at certain points under certain circumstances. It is clear to us that, if appellant's structure will cause cracks to form in the upper layer of the pavement coincident with the waterproofing material in the lower layer, into which cracks the waterproofing material will flow, exactly the same thing will happen in a similar structure such as disclosed in the Gundlach patent.

Patentability of a claim must be found in the structure or method or composition described, and not in the function performed or the results secured. In re Skaupy & Pulfrich, 67 F.(2d) 492, 21 C.C.P.A. (Patents) 712.

The decision of the Board of Appeals is affirmed.

Affirmed.